Submitted March 31, affirmed May 23, 1977

CITY OF BANKS, *Respondent,*
*v.*
WASHINGTON COUNTY et al, *Appellants.*
(No. 36-786, CA 6912)

TUALATIN RURAL FIRE PROTECTION
DISTRICT et al, *Respondents,*
*v.*
WASHINGTON COUNTY et al, *Appellants.*
(No. 36-815, CA 6886)

SCHOOL DISTRICT NO. 48, WASHINGTON
COUNTY et al, *Respondents,*
*v.*
WASHINGTON COUNTY et al, *Appellants.*
(No. 36-793, CA 6883)

BOTTOMLEY et al, *Respondents,*
*v.*
WASHINGTON COUNTY et al, *Appellants.*
(No. 36-767, CA 6959)
(Cases consolidated)
564 P2d 720

Lawrence R. Derr, County Counsel for Washington County, Hillsboro, filed the briefs for appellants. With him on the appellants' brief were John M. Junkin, Assistant County Counsel, and John H. Holloway, Jr., Assistant County Counsel, Hillsboro.

Henry Kane, Beaverton, filed the brief for respondent City of Banks.

Fred A. Anderson and Anderson, Dittman & Anderson, Tigard, and Rodney C. Adams and Thompson, Adams & Lund, Beaverton, filed the brief for respondents Tualatin Rural Fire Protection District, Washington County, Oregon, and Washington County Rural Fire Protection District, respectively.

Clifford N. Carlsen, Jr., Richard A. Canaday, and Miller, Anderson, Nash, Yerke & Wiener, Portland, filed the brief for respondents School District No. 48, Washington County, Oregon; Forest Grove School District 15, Washington County, Oregon; Hillsboro School District 7, Washington County, Oregon; School District 88J, Washington County, Oregon (Sherwood); and School District 23J, Washington County, Oregon (Tigard).

James K. Gardner, Hillsboro, filed the brief for respondents Janny H. Bottomley, Charles Furchner, Paul Furchner, Paul A. Rubeck, Grace M. Rubeck, Robert E. Schneider, Jane Ann Schneider, and Mary E. Buerke, on behalf of themselves and all other taxpayers of Washington County, Oregon.

George M. Joseph, County Counsel for Multnomah County, and Martin B. Vidgoff, Deputy County Counsel, Portland, filed a brief amicus curiae for Multnomah County, Oregon.

Before Schwab, Chief Judge, and Lee and Tanzer, Judges.

TANZER, J.

## TANZER, J.

These are consolidated appeals by the defendant Washington County from orders obtained by the plaintiff ad valorem taxpayers and ad valorem tax supported governmental entities within Washington County, declaring Washington County Ordinance No. 187 to be unconstitutional. That ordinance provides that the county may charge the costs of assessment and taxation to each of the taxing districts within the county on a pro rata basis computed upon amount of revenue assessed and collected per district. It further provides that each district must either pay the fee annually or authorize the county to hold back the fee from revenues prior to disposition.[1]

---

[1]Washington County Ordinance 187 provides in part:

"The Board of County Commissioners of Washington County, Oregon, ordains:

"SECTION 1. As used in this ordinance:

"A. 'Costs' means the total operating costs of the Department of Assessment and Taxation for a fiscal year, exclusive of costs reimbursed pursuant to Washington County Ordinance No. 170, reduced by fees for services received in the same fiscal year, exclusive of the fee established by this Ordinance, all as determined by the Director of the Department of Assessment and Taxation.

"B. 'County' means Washington County, Oregon.

"C. 'Periodic fee' means the monthly or weekly increments of the fee established by this ordinance.

"D. 'Revenue' means the sum to be collected by the Department of Assessment and Taxation as stated in the assessor's certificate pursuant to ORS 311.105(1)(f).

"SECTION 2.

"A. Each taxing district in the County shall pay a fee to the County for the purpose of reimbursing the County for the expense of assessment and collection of ad valorem taxes, assessments, fees and other charges of the taxing districts. The fee shall be determined by multiplying the amount credited to the account of each taxing district pursuant to ORS 311.395 by the appropriate rates in the following manner.

"1. A rate expressed as a percentage rounded to the nearest millionth shall be determined for each fiscal year according to the following formula:

$$\text{Rate} = \frac{\text{Costs} \times 100}{\text{Revenue}} ;$$

Plaintiffs generally contend that the ordinance is unconstitutional because assessment and taxation is made a matter of state concern by the Oregon Constitution and the legislature has not authorized the collection of fees for the performance of those functions.

Defendant concedes that assessment and collection are matters of state concern, but that paying the costs of those functions is a matter of county concern subject

in which formula costs are those of the prior fiscal year and revenue is that of the same fiscal year as that for which the rate is being determined. The rate for each fiscal year shall be established by the Director of Assessment and Taxation on or before October 15, of the fiscal year.

"2. The amount credited to a district each month or week shall be segregated into sums attributable to collections for specific fiscal years.

"3. Each sum segregated according to paragraph 2 of this subsection shall be multiplied by the rate established for the same fiscal year.

"4. The total of the products determined in paragraph 3 of this subsection is the periodic fee for the month or week.

"B. The Department of Assessment and Taxation shall be responsible for computing periodic fees. The Department of Assessment and Taxation shall certify to the Department of Finance and Administration the periodic fee for each taxing district at the time of filing the statement required by ORS 311.395.

"SECTION 3.

"A. The Department of Finance and Administration shall include with each payment to a taxing district pursuant to ORS 311.395(4), a statement of the periodic fees certified by the Department of Assessment and Taxation.

"B. A periodic fee shall be due upon transmittal of the statement therefor. Each taxing district shall pay such fee to the County within fifteen days of transmittal of the statement. Fees not paid within the fifteen days shall accrue interest at the rate of 10 percent per annum from the date of transmittal until paid.

"C. In the alternative to subsection B of this section a taxing district may authorize the Department of Finance and Administration to withhold from each payment an amount equal to the statement of periodic fees.

"SECTION 4.

"All fees collected under this Ordinance shall be credited to the County General Fund."

We assume, as the parties have throughout, that the "operating costs of the Department of Assessment and Taxation" includes and is limited to costs associated with the functions of assessment and tax collection.

[ 498 ]

to county legislation under the Washington County Home Rule Charter.

It is therefore the responsibility of the court to determine whether the state or county interest predominates and thus whether the activity is subject to state or to county legislation. *State ex rel Heinig v. Milwaukie, et al,* 231 Or 473, 373 P2d 680 (1962).

■■ Oregon Constitution Art IX, § 1, explicitly requires legislation regulating statewide uniform assessment and taxation. It provides:

> "The Legislative Assembly shall, and the people through the initiative may, provide by law uniform rules of assessment and taxation. All taxes shall be levied and collected under general laws operating uniformly throughout the State."

The first sentence designates the substantive law of assessment and taxation not only as a subject of state concern, but as a subject of state mandated responsibility. That assignment of responsibility is implicitly a grant of authority to legislate the mechanism for its accomplishment. The second sentence requires that the statutes enacted for the accomplishment of the mandate be uniform. The constitutional mandate for "general laws" for levy and collection of taxes includes beyond reasonable question the authority to assign by statute administrative responsibility to such agencies of government as the legislature deems appropriate. It would go without saying, were it not here challenged, that the authority to assign administrative responsibility includes authority to assign fiscal responsibility for those administrative functions, because the legislature cannot assure itself that the functions will be performed unless it can be certain that the performance will be securely financed.

In implementation of Art IX, § 1, the legislature has provided for a uniform system of property taxation by enactment of ORS chapters 305-312, assigning to the counties primary responsibility for assessment, ORS ch 308, and collection, ORS ch 311, subject to the

supervision of the Department of Revenue, ORS 305.090.

■■ Nowhere in the code does there appear express authorization for the county to pass on the cost as a fee to the taxing districts, their constituents, or any other user of the system.[2] Rather, individual sections demonstrate what is otherwise implicit: that the counties must bear the cost of doing the job assigned to them. If a county fails to make regular assessments, the Department of Revenue may take remedial measures and the county must "bear the full expense," ORS 308.061(1). The county tax collector must collect the taxes of all other districts within the county as well as those of the county itself, pursuant to ORS 311.255, which provides:

> "All ad valorem taxes and all special assessments, fees or other charges required by law to be placed upon the tax roll, which have been lawfully levied and certified to the assessor by any taxing agency or district authorized by law to levy such taxes, assessments, fees or charges, shall be collected by the same officer and in the same manner and at the same time as taxes for county purposes are collected."[3]

The county must provide to the tax collector at its expense sufficient deputies and clerical assistance to enable him to collect the taxes he collects, pursuant to ORS 311.065, which provides:

> "Each county tax collector shall be entitled to such deputies and clerical assistance as may be necessary properly to transact the business and perform the work of his office. Such deputies and clerical assistance shall be furnished by the county court at the expense of the county."

---

[2] *Compare* ORS 259.230 requiring districts to bear the expenses incurred by the county in holding certain district elections.

[3] This was not always so. Prior to adoption of the present pattern of consolidated assessment and taxation, school districts were required to maintain their own assessment rolls and collect their own taxes. The clerk of the district received five percent of the amount collected for these duties. Or Laws 1872, Title IV, §§ 54, 55, pp 162-163. The evident purpose of the change to the present system was to promote efficiency by reduction of duplication among units of government.

Finally, the statutes provide a means by which the county may raise money to perform its duties, that is by the levy of property taxes pursuant to ORS 310.020 which provides:

"The county court or board of county commissioners for each county in the state shall, in July of each year, levy a tax upon all taxable property in the county sufficient in amount to defray the expenses of the county for the current fiscal year."

■ The overall import of the relevant statutes, then, is that the legislature has performed its constitutional mandate by providing a uniform system of taxation and, as an integral part of that system, has assigned to the counties as agents of the state the responsibility of assessment and collection and given to them authority to defray their operating expenses by taxation. As a reasonable mechanism for accomplishing the constitutional mandate, it is within the authority of the legislature to have enacted it.

Washington County concedes, as it must, that the state may constitutionally require the counties to assess and collect taxes on behalf of districts within their boundaries, but it asserts that the method of collection, including operational cost recoupment, is a matter of county concern, outside the terms of Art IX, § 1, and therefore subject to the legislative power of the county under its home rule charter.

■ The Home Rule Clause of the Oregon Constitution[4]

[4]Art VI, § 10, Oregon Constitution provides:

"The Legislative Assembly shall provide by law a method whereby the legal voters of any county, by majority vote of such voters voting thereon at any legally called election, may adopt, amend, revise or repeal a county charter. A county charter may provide for the exercise by the county of authority over matters of county concern. Local improvements shall be financed only by taxes, assessments or charges imposed on benefited property, unless otherwise provided by law or charter. A county charter shall prescribe the organization of the county government and shall provide directly, or by its authority, for the number, election or appointment, qualifications, tenure, compensation, powers and duties of such officers as the county deems necessary. Such officers shall among them exercise all the powers and perform all the duties, as distributed by the county charter or by its authority, now or hereafter, by the Constitution or laws of this state, granted to or imposed upon any county officer. * * *"

permits county legislation in matters of county concern such as internal organization and assignment of duties among county officers, but it does not diminish in any way the responsibility of the county as administrative agent of the state for performance of assigned state functions, *see* Etter, *Home Rule in Oregon,* 46 Or L Rev 251, 279-80 (1967), such as tax assessment, collection and disbursement.

The allowance of county-by-county variation at the discretion of each county financing the taxation system would be contrary to the constitutional requirement that levy and collection be done "under general laws operating uniformly throughout the State." Although defendant county cites language from *Heinig* that "uniformity in itself is no virtue," the issue of virtue or vice does not arise where, as here, the constitution explicitly requires uniformity.

The general laws requirement clearly extends to the costs of the taxing system. The tax assessment and collection system is a neutral fiscal conduit between the taxpayers and the taxing districts which serve them. Both ends of the conduit are entitled to uniform treatment under general law. Thus taxing districts are entitled to uniformity of access to and benefit from the taxing system regardless of which county they happen to be located in. Statewide uniformity would be impossible if each county were to decide for itself whether and how to recover operational costs from the user districts. For example, similar districts would have their revenues reduced by collection costs or not depending upon the county in which they are located. The amount of the charges could vary from one home rule county to another depending upon the fee formulae adopted. Access to the system would be obstructed if home rule counties chose to adopt fee formulae (e.g., per transaction, per taxpayer, per computer usage, etc., rather than per amount of revenue) which would take so much of a small levy as to render the levy nonproductive.

Neither the words nor the purpose of the Home Rule Clause require tolerance of a 36-piece administrative and fiscal crazy quilt in place of a system operating uniformly under general laws as mandated by the specific constitutional clause on taxation. This is not to say that user charges are constitutionally impermissible, but rather that cost bearing for the system is a subject for state, not county, legislation. Nor is this to say that variation to fit local conditions would necessarily be impermissible, but rather that this is a subject for general laws, not county ordinances.

■ Therefore, we hold that the legislative assignment of administrative and fiscal responsibility for ad valorem tax assessment and collection to the counties is valid as a matter of dominant state concern under Oregon Constitution, Art IX, § 1, that the Home Rule Clause, Art VI, § 10, does not authorize the county to transfer its fiscal responsibility thereunder, and that Washington County Ordinance No. 187 is unconstitutional as beyond the authority of the county to enact.

In light of this disposition, it is not necessary to reach the issue joined by the plaintiff City of Banks and the defendant county as to whether the cost recovery constitutes a user fee or an impermissible tax upon other units of government.

Affirmed.